### EX PARTE HENRY FINN.

No. 3340.    Decided November 15, 1905.

**Local Option—Bond—Excessive Bail—Habeas Corpus—Constitutional Law.**

Where relator was arrested under fourteen separate charges for violating the local option law, and his bond was fixed by the sheriff at $400 in each case, which upon hearing the county judge refused to reduce, whereupon he appealed. Held that under article 1, section 13, of the Constitution said bail was excessive, and the same is reduced to $100 in each case.

Appeal from the County Court of Johnson. Tried below before Hon. J. D. Goldsmith.

Appeal from habeas corpus proceeding to reduce bail.

The opinion states the case.

No brief for the relator has reached the hands of the Reporter.

*Howard-Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Relator was arrested under fourteen separate and distinct charges for violating the local option law.

His bond was fixed by the sheriff at $400 in each case. Being unable to give sufficient surety to satisfy the officers he resorted to the writ of habeas corpus for the purpose of reducing the amount of the bail so fixed. Upon the hearing the county judge refused the reduction. The county attorney testified that he prepared complaints and informations, filed them in the county court, charging relator with fourteen separate and distinct sales. The sheriff testified that he arrested relator and required bail of him in each case in the sum of $400; and that this was "the amount we fixed and have required of every defendant charged with a similar offense, that is, making illegal sales of intoxicating liquors in this county." Deputy sheriff Steakly, testified he had authority to approve bail bonds when presented with necessary sureties. He said, "If the bonds of Henry Finn, with Ward Roper, Phil W. Allen and J. H. Friou, which I think are for $400 each, were presented to me, I would approve the three bonds, but the other three bonds with Ward Roper and Angus McMillan, I would not approve without another good surety on them." Henderson testified that he knew relator; that he had no relatives of means who would likely go on bonds for relator, and that he (witness) had been trying to secure bonds for relator and had failed; that he had been able to get only six of the bonds signed; that is, three by Ward Roper, Phil W. Allen and J. H. Friou; and three by Ward Roper and Angus McMillan, whom he thought would make these bonds good, but that he was unable to secure bondsmen on the others; that he had asked many people to go on the bonds, and had been refused in every instance; that he might possibly make the fourteen bonds if they were reduced to $100 in each case." Steakly was recalled, and stated, he would approve the bonds signed by Roper, Allen and Friou, but would require additional sureties on the bonds signed by Roper and McMillan; that he thought McMillan would be good as one surety; that McMillan was president of the bank at Joshua. The county attorney took the stand, and testified, that McMillan, one of the tendered sureties, was also on the bond of Ward Rice, in the sum of $7,000, under the charge of murder, and that he did not think he was a good surety on these bonds, because he was already on enough bonds to exhaust his resources. This is practically the statement of the case, as shown by the record.

Article 1, section 13, of the Constitution, provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel or unusual punishments inflicted." It seems from the testimony of the sheriff that they have agreed in that county that in such cases, bail shall be fixed in the iron-bound sum of $400 in each case. The provision of the Constitution does not seem to enter into the consideration of the matter of fixing bail. Where a party is entitled to bail, if the Constitution means anything, it is that bail shall not be excessive. Nor shall the punishment inflicted be cruel. Under the facts here, appellant, in order to secure his release from custody to await his trial at the proper term of court, would have to execute bonds in the sum of

$5,600. That $400 in ordinary misdemeanor cases is excessive bail, would hardly be debatable. It is a fact, well known to practicing attorneys and trial courts, that in a great many cases, parties charged with minor felonies in Texas, are admitted to bail in sums less than $400. It being made to appear that probably relator can give a good bond in each of the fourteen cases in the sum of $100, bail is fixed in that amount in each case. The judgment of the lower court is reversed, and the sheriff instructed to take bail in the sum of $100 in each case.

*Reversed and bail fixed.*

Brooks, Judge, agrees to conclusion reached.