distinctly set forth the law applicable to the case, when the court has done this, if one desires a more specific presentation of any issue, special instructions should be presented to the court requesting such' instructions, and, if same is not done, this court will not reverse the case unless it appears that such action was calculated to injure the rights of the defendant. Articles 715, 723, Code Cr. Proc. 1895. In this case the matters complained of are rather hypercritical, and, inasmuch as no special instructions were requested, and from a careful reading of the record, we are of the opinion that the defendant suffered no injury, and it presents no ground that would call for a reversal of this case.

All the other grounds in the motion relate to the same matter, and as we are of the opinion that the court submitted the law applicable to the case, and that, although more specific instructions might be desirable and should have been given had they been requested, in the absence of such request, no such error is presented as should result in a reversal of the case, and the judgment is affirmed.

DAVIDSON, P. J., absent.

---

BURTON v. STATE.

(Court of Criminal Appeals of Texas. Oct. 18, 1911.)

CRIMINAL LAW (§ 1131*) — APPEAL — DISMISSAL.

Defendant having. pending his appeal, escaped from the custody of the sheriff, and not voluntarily returned within 10 days, the appeal will be dismissed.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2975; Dec. Dig. § 1131.*]

Appeal from District Court, Bexar County; Edward Dwyer, Judge.

Webber Burton, alias Stafford Maryland, was convicted of burglary, and appeals. Dismissed.

See also, 138 S. W. 1019.

Shelley Grover, Wm. S. Anthony, and H. B. Leonard, for appellant. C. E. Lane, Asst. Atty. Gen., for the State.

PRENDERGAST, J. The appellant was indicted and convicted of burglary.

Since the appeal in this case, it has been clearly shown to us, that pending the appeal, the appellant made his escape from the custody of the sheriff of Bexar county, and that he did not voluntarily return within 10 days.

Therefore, upon the motion of the Assistant Attorney General, this cause is dismissed.

DAVIDSON, P. J., absent.

---

Ex parte KIRBY.

(Court of Criminal Appeals of Texas. Oct. 18, 1911.)

BAIL (§ 49*)—ORDER BEFORE INDICTMENT.

No order or judgment granting or refusing bail, while applicant is under arrest by complaint only, has any force or effect subsequent to indictment found.

[Ed. Note.—For other cases, see Bail, Dec. Dig. § 49.*]

Appeal from District Court, Ellis County; F. L. Hawkins, Judge.

Habeas corpus by John Kirby to have bail granted. Denied, and applicant appeals. Dismissed.

Farrar & McRae and John H. Sharp, for appellant. C. E. Lane, Asst. Atty. Gen., for the State.

HARPER, J. Complaint was filed against relator, charging him with murder. He sued out a writ of habeas corpus before Hon. F. L. Hawkins, District Judge, who, after hearing the evidence, refused relator bail and remanded him to the custody of the sheriff of Ellis county. From this judgment, relator gave notice of appeal to this court.

By certificates of the proper officials, now on file in this court, it appears that, since the relator gave notice of appeal to this court, the grand jury of Ellis county has indicted relator, charging him with the offense of murder. No order or judgment granting or refusing bail, while the applicant is under arrest by complaint only, has any force or effect subsequent to indictment found, and this cause, for this reason, is dismissed.

DAVIDSON, P. J., absent.

---

Ex parte VOLZ.

(Court of Criminal Appeals of Texas. Oct. 18, 1911.)

BAIL (§ 51*)—AMOUNT.

Where a prisoner, after indictment for murder, is entitled to bail, it should be fixed in an amount that the evidence would indicate the prisoner was able to give.

[Ed. Note.—For other cases, see Bail, Cent. Dig. §§ 209–212; Dec. Dig. § 51.*]

Appeal from District Court, Bexar County; Edward Dwyer, Judge.

J. P. Volz was indicted for murder, and he sued out a writ of habeas corpus. Bail denied, and relator remanded, and he appeals. Reversed, and bail granted.

Carlos Bee, for appellant. C. E. Lane, Asst. Atty. Gen., for the State.

HARPER, J. Relator was indicted by the grand jury of Bexar county, charged with murder. He sued out a writ of habeas corpus before Hon. Edward Dwyer, Judge of the District Court, who, upon hearing

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

the testimony, denied bail and remanded relator to the custody of the sheriff.

From the evidence adduced on the trial, we are of the opinion that the court erred, and the applicant should have been granted bond; and, inasmuch as we hold that he is entitled to bail, it should be fixed in an amount that the evidence would indicate he is able to give.

The judgment is reversed, and relator is granted bail in the sum of $5,000.

DAVIDSON, P. J., absent.

---

## CATRON v. STATE.

(Court of Criminal Appeals of Texas. Oct. 18, 1911.)

1. CRIMINAL LAW (§ 1131*)—APPEAL—WITHDRAWAL.

An application to withdraw notice of appeal must be made by the appellant in person and sworn to by him.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2973; Dec. Dig. § 1131.*]

2. CRIMINAL LAW (§ 1090*)—APPEAL—RECORD—BILL OF EXCEPTIONS.

Where the record contains neither a statement of facts nor bill of exceptions, questions presented by a motion for a new trial will not be reviewed.

[Ed. Note.—For other cases, see Criminal Law, Dec. Dig. § 1090.*]

3. CRIMINAL LAW (§ 1144*)—APPEAL—PRESUMPTION—INSTRUCTIONS.

Where there is no statement of facts in the record, the court will presume that the charge presented the law, and all the law, applicable to the testimony.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 3032; Dec. Dig. § 1144.*]

4. CRIMINAL LAW (§ 889*)—TRIAL—VERDICT—MISTAKE IN SPELLING.

Where the verdict convicting defendant of murder in the second degree, as first returned, misspelled the words "jury," "guilty," "imprisonment," and "penitentiary," but the court before their final discharge corrected the verdict in those particulars, and such corrections, on submission to the jury, were agreed to by them, the verdict is proper in form.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2109, 2110, 2112; Dec. Dig. § 889.*]

Appeal from District Court, Matagorda County; Wells Thompson, Judge.

Alex Catron was convicted of murder in the second degree, and he appeals. Affirmed.

Linn, Conger & Austin, for appellant. C. E. Lane, Asst. Atty. Gen., for the State.

HARPER, J. Appellant was indicted by the grand jury of Matagorda county, charged with murder, and upon a trial he was convicted of murder in the second degree.

[1] We find with the papers a motion to advance this cause, and an application to withdraw the appeal, signed by appellant's counsel. This court has uniformly held that an application to withdraw notice of appeal filed in this court must be made by the appellant in person, and be sworn to by him; and appellant in person not having made an application to withdraw the appeal, the application cannot be granted.

[2] However, no statement of facts accompanies the record, and there are no bills of exception embraced therein; consequently no question is presented in the motion for a new trial which would call for a reversal of this case. The first three grounds in the motion complain of the action of the court in refusing to quash the venire drawn. No bill of exception having been reserved to the action of the court in refusing to quash the venire, nothing is presented that we can review.

[3] The record contains three special charges requested by appellant, which were refused. There being no statement of facts in the record, this court will presume that the court in his charge presented the law, and all the law, applicable to the testimony.

[4] The verdict of the jury as first returned misspelled the words "jury," "guilty," "imprisonment," and "penitentiary." The court, before the final discharge of the jury, corrected the verdict in those particulars, and submitted same to them, which changes were agreed to by the jury. In this there was no error, even if there was a bill of exceptions thereto.

The other matters mentioned in the motion cannot be reviewed, in the absence of a statement of facts.

The judgment is affirmed.

DAVIDSON, P. J., absent.

---

## ALINIS v. STATE.

(Court of Criminal Appeals of Texas. Oct. 18, 1911.)

1. BURGLARY (§ 38*)—EVIDENCE—POSSESSION OF GOODS.

Under an indictment charging burglary with intent to commit theft, without specifically alleging that the property found in defendant's possession was stolen from the burglarized house, evidence that a portion of the stolen property was found in defendant's possession was admissible, not only to show intent, but also to connect accused with the offense charged.

[Ed. Note.—For other cases, see Burglary, Cent. Dig. § 91; Dec. Dig. § 38.*]

2. BURGLARY (§ 4*)—NATURE OF BUILDING—"PRIVATE RESIDENCE."

A building burglarized consisted of a storehouse in which a restaurant was conducted. The storehouse was divided into three rooms. The first was used as a dining room, the middle room for cooking, and the rear room was occupied by prosecutor and his wife as a bedroom. The room entered, and from which the property was stolen, was the cookroom. Held, that the premises did not constitute a "private residence," and that accused was properly prosecuted under Pen. Code 1895, art. 839, declaring that he who enters a house in the daytime