EX PARTE HENRY BICE.

No. 10963.   Delivered June 1, 1927.

**Habeas Corpus—For Reduction of Bail—Granted.**

This case was before us before indictment was found, on an application for reduction of bail, which was refused.  As now presented, after indictment, we are of the opinion that the bail fixed in the sum of $10,000 is excessive, and the amount is reduced to $5,000.

Appeal from the District Court of Brazoria County.   Tried below before the Hon. M. S. Munson, Judge.

Appeal from an order of the District Court fixing amount of bail, after indictment, at $10,000.   Reduced to $5,000.

The opinion states the case.

*Scott Gaines* and *A. E. Masterson* of Angleton, for appellant. On excessive bail, appellant cites:   Ex Parte Volz, 140 S. W. 226; Ex Parte Finn, 90 S. W. 29; Ex Parte Anglin, 277 S. W. 146.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—This case has been before us on the question of bail heretofore.   Its history and attitude at the former time will appear from the report of our opinion in 289 S. W. 43.   After appellant was indicted he again proceeded by habeas corpus to secure bail and to have the amount reduced, which had been fixed before indictment at $15,000.   The facts as to the circumstances of the killing were proven on the present hearing.   Appellant's wife testified that she had made every available effort to make the bond at $15,000, without success. She named many parties whom she had requested to sign the bond, all of whom had refused on account of the amount.   The record indicates that every reasonable effort which could be expected had been made by those interested in appellant to get his bond signed, and that to require bail in the amount of $10,000 as fixed by the learned judge is in effect the denial of bail altogether.   The court has determined that the appellant is entitled to bail.   The statute fixes the rules under which the amount shall be determined in Art. 281, C. C. P., as follows:

"The amount of bail to be required in any case is to be regulated by the court, judge, magistrate or officer taking the bail;

they are to be governed in the exercise of this discretion by the Constitution and by the following rules:

"1.   The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.

"2.   The power to require bail is not to be so used as to make it an instrument of oppression.

"3.   The nature of the offense and the circumstances under which it was committed are to be considered.

"4.   The ability to make bail is to be regarded, and proof may be taken upon this point."

Ex Parte Martin, 71 Tex. Crim. Rep. 383, 159 S. W. 1182; Ex Parte Volz, 140 S. W. 226; Ex Parte Finn, 48 Tex. Crim. Rep. 606, 90 S. W. 29; Ex Parte Anglin, 102 Tex. Crim. Rep. 50, 277 S. W. 146, and authorities therein cited.

Under all the facts and having due regard for the constitutional provisions relative to bail and all provisions of the statute upon the subject, we have concluded that the amount of bail should be reduced to $5,000, and it is so ordered.

*Bail reduced.*