### EX PARTE CUMBY BARNETT.

No. 3063.    Decided November 23, 1904.

**Habeas Corpus—Bond Reduced.**

Where the State offered no evidence in regard to the alleged crime, on a proceeding on habeas corpus to reduce defendant's bond, and it was an admitted fact that the State continued the case at the preceding term of the court, it was error not to reduce his bail.

Appeal from the District Court of Bowie.    Tried below before Hon. P. A. Turner.

Appeal from a judgment refusing to reduce appellant's bond upon writ of habeas corpus.

The opinion states the case.

*Hart, Mahaffey & Thomas,* for appellant.—Bill of rights: Sec. 13; Code Crim. Proc., art. 8; art. 296, Code Crim. Proc.; Ex parte Little, 37 Texas Crim. Rep., 597; Ex parte Wilson, 20 Texas Crim. App., 498; Ex parte Wells, 7 Texas Ct. Rep., 907.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was originally charged with the theft of property of the value of $50—consisting of two $20 bills and one $10 bill. A conviction resulted, and upon appeal the judgment was reversed, upon the theory that the facts did not show him to be a principal. He was then indicted as an accomplice. The court fixed his bond at $750. Being unable to give this, he resorted to habeas corpus proceedings to reduce the bond. Upon the hearing, the State introduced the indictment. Appellant offered evidence which showed his poverty, a lack of friends to go on his bond, the

fact that he was a stranger in that county, and his utter inability to give bond in the sum fixed by the court. There was no evidence offered in regard to the facts of the alleged crime. It is an admitted fact, that the State continued the case at the last term of the District Court of Bowie County. We are of opinion that the court erred in not reducing the bond; and we now fix his bond at the sum of $400, upon the giving of which in the terms of the law, to be approved by the sheriff of Bowie County, appellant will be released from custody.

*Released on bond.*