## Ex Parte Pete Creed.

### No. 1964.   Decided June 19, 1912.

**1.—Habeas Corpus—Bond—Financial Ability.**

A person charged with an offense which is bailable is entitled to have taken into consideration his financial ability to give bond along with other circumstances in the case, but is not entitled to be bailed on his own recognizance, unless such confinement affects his health.

**2.—Same—Amount of Bond.**

Where the evidence discloses that relator is a man of no means and must rely upon his friends to go on his bond, and he is charged with felony the penalty of which is for one to three years in the penitentiary, and he was charged with several complaints of such offense, the sum of $500 in each case would be a reasonable amount of bail.

**3.—Same—Practice on Appeal—Trial Court—County Officials.**

Where, upon trial of habeas corpus to fix the amount of bail in a felony case, there was no evidence that the county officials were in conspiracy to keep relator from making bond, the better practice would be to bring the matter of the amount of bond before the trial court instead of the Appellate Court.

**4.—Same—Case Stated—Waiving Examination.**

Where, upon an original habeas corpus proceeding, it appeared that three felony cases were pending against relator, and that he had waived examination on complaint before a justice of the peace, a bond of $500 in each case was considered adequate and proper.

From Potter County.

Original habeas corpus proceedings asking the Court of Criminal Appeals to fix bail, after waiving examining trial before a justice of the peace.

The opinion states the case.

*Cooper, Merrill & Lumpkin,* for relator.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, Judge.—Relator was arrested, charged by complaint with selling intoxicating liquors in Potter County, in territory where prohibition is in force. He waived examining trial, and was bound over to the grand jury in Potter County at the July term. Three complaints were filed against him; in one case the bond being fixed at $1,000 and in the other two at $750 each. Relator waived an examining trial, and the court heard evidence in only one of the cases. The judgments were entered on June 5, and on the same day relator sued out a writ of habeas corpus. The district judge of that district being absent, the writ was granted by this court, and the cause set for hearing on June 12.

When the cause was heard, relator and his counsel stated that the only question they would raise in this and companion cases submitted at the same time, would be the legal sufficiency of the complaints, and the question of amount of bond that should be required.

Under our laws a person charged with an offense, that is bailable, is entitled to have taken into consideration his financial condition and ability to give bond along with other circumstances in the case, but even though a person is unable to give a bond, he is not entitled to be admitted on his own recognizance, or bond in such small an amount as would in fact really amount to no bond, unless conditions were such that longer confinement might affect his health. No such issue arises in this case, but the evidence does disclose that relator is a man of no means and must rely upon his friends to go on his bond. When this court granted the writ it fixed the bond of relator in the sum of $250 in each case, for his appearance before this court, which was readily given, and the evidence would show that the combined wealth of the three men who went on these bonds would perhaps amount in the aggregate to $100,000. And not only should we take into consideration the ability of a relator to give bond, but we should also consider the nature and character of offense with which one is charged, and the punishment prescribed by law for such an offense, and in these cases the penalty is from one to three years in the penitentiary in each case, if relator should on a final trial be adjudged guilty. The question of his guilt or innocence is one we are not called on to pass on in this case, and no evidence was heard on that feature, as it was agreed this question was not involved, as relator would not ask for a discharge.

While perhaps not necessary to pass thereon, we will say that the allegations in the petition that there was a conspiracy between the district attorney, sheriff and justice of the peace to keep this relator and others charged with this offense, from making bond, and that the bonds were fixed high for that reason, is not supported by the evidence, but the evidence on the contrary would show that these officials were but engaged in the discharge of their duties, and putting forth an honest and sincere effort to secure the enforcement of this as well as other laws. It appears that when bail was fixed in the amounts named, and complaint was made that it was too high, the justice of the peace offered to hear evidence as to the ability of relator to make bond. No evidence was introduced, however, but the officers indicate that instead of so doing, the relator preferred to bring the matter before this court. While we at all times should and will protect a citizen in his rights and his liberty, yet this is not a trial court, and only in extreme cases should we be called on to sit as a trial court in matters of this kind. We are already taxed to our utmost capacity by cases brought to us on appeal, and which we should dispose of as rapidly as possible, and when the lower courts offer to hear evidence on this or any other issue, it should be introduced there, and the record brought to us, if desired so to do, instead of expecting or requiring us to sit and hear the testimony adduced. It was expensive for witnesses, the officers and others to be brought this distance to give their testimony, when it appears an opportunity was tendered for this testimony to have been given at their homes. By doing so this expense to the citizen and officials

would have been avoided, and we permitted to give our attention to matters already pending in this court, and which are pressing for consideration and attention.

The allegations in the petition that the officers would continue to file cases against relator if he gave bond in those already pending, whether justified by the facts or not, are not supported by the evidence. The evidence of the officers show that in each case in which a complaint was filed, they believed relator was guilty of a violation of the law, and so believing it was their duty to have it inquired into. And when brought to trial, instead of demanding that the proof be adduced, relator waives a trial, and agrees that judgment may be entered binding him to await the action of the grand jury. And when a writ of habeas corpus is sued out and granted by this court, again the question of whether or not the officers are in possession of sufficient information to base a complaint is again waived. So, we are not justified in coming to any other conclusion that that the officers are sincere when they state they had information that led them to believe the law had been violated, and that relator should be held to await the action of the grand jury of that county.

As the penalty fixed by law to this offense is imprisonment in the penitentiary and where there is only one case pending against a person, a bond in the sum of $1,000 or $750 would perhaps not be excessive, but in this case it being shown there are three cases pending against him, and that relator is a man of no means, bail in the sum of $500 in each case would be adequate and proper, taking into consideration the offense and relator's ability to give bond. Doubtless had the same proof been introduced in the trial court, as was here introduced, that court would have fixed the bond in an amount relator could have given, but as the matter is now before us, we fix the amount in each case at the sum of five hundred dollars, and relator is remanded to the custody of the sheriff of Potter County until bonds are given.

Bail is fixed and relator remanded.

*Relator remanded to custody and bail fixed.*

Davidson, Presiding Judge, not sitting.