### Ex Parte Ray Wolf.

No. 7005. Decided May 3, 1922.

**Bail—Reduction of Bail—Habeas Corpus.**

Where, upon appeal from *habeas corpus* proceedings, it appeared that the trial court had set the bail at $10,000 for assault to rape, and the bail

usual in such cases runs from $750 to $1000, the bail is reduced to the sum of $2500.

Appeal from the District Court of Frio, in vacation. Tried below before the Honorable C. C. Thomas.

Appeal from a habeas corpus proceeding asking reduction of bail.

*R. W. Hudson*, for appellant.—Cited Ex Parte Wilson, 20 Texas Crim. App., 498; Ex Parte Hutchins, 11 id., 28.

*R. G. Storey*, Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—This is an appeal from an order of the District Court of the 81st Judicial District remanding appellant to the custody of the sheriff of Frio County, Texas, in default of bail in the sum of ten thousand dollars.

It appears from the record herein that appellant was charged by affidavit in the magistrate's court with the crime of assault of rape, and that on the 10th of April, 1922, a preliminary trial having been waived, the bond of appellant was fixed by the justice of the peace at the sum of ten thousand dollars. Thereafter a writ of habeas corpus was sued out before the district judge of the 81st judicial district alleging that said sum of ten thousand dollars was excessive bail and that he was not able to give same. Upon a hearing on said habeas corpus proceedings appellant was remanded to jail and his bond fixed again at the sum of ten thousand dollars. Upon said hearing it was shown that appellant had very little property, and that none of his relatives, who are willing to execute bond for him, are people of means. In resistance to the application for a reduction of bail presented to the District Court, the State introduced the young woman upon whom the alleged assault was committed, and also a physician who was called to examine her after the alleged assault. Without commenting upon the facts in testimony on behalf of the State, it would appear beyond question that some character of assault was made upon the young lady by appellant. It was not claimed by the State that the offense charged against appellant amounted to rape, and, therefore, it would be classed as an ordinary felony. We are unable to see any reason why the case against appellant should be taken out of the ordinary run of felony cases by the requirement of a much larger bail than is usual or customary in such cases. The bail usual in cases of this kind would run from $750 to $1,000. There must have been some reason in the mind of the learned trial court for fixing a higher bond than usual. Conceding some such reason, we still think the amount of bail fixed to be excessive. The judgment of the trial court will be reversed and bail will be fixed in the sum of $2,500,

upon the giving of which with good and sufficient sureties appellant will be released.

*Bail reduced.*