## Ex Parte J. C. Thompson.

### No. 7165. Decided June 23, 1922.

**Habeas Corpus—Reduction of Bail.**

Where relator in a direct proceeding asked for a writ of habeas corpus that his bail might be reduced pending notice of appeal, from a conviction of a felony which fixed his punishment at fifteen years confinement in the penitentiary, and it appeared that since the trial defendant had secured testimony to show that he was entitled to a reduction, etc., the proper practice is to present his application of habeas corpus to the trial judge, and it is so ordered.

From Hill County.

Original Habeas corpus proceeding asking reduction of bail pending appeal from a conviction of felony.

The opinion states the case.

*James P. Cogdill*, and *Collins, Dupree & Crenshaw*, for relator. Cited Ex Parte Louis, 38 S. W. Rep., 1150; Eli McConnell, 13 Texas Crim. App., 400; Ex Parte Bowman, 204 S. W. Rep., 329.

*R. G. Storey*, Assistant Attorney General, for the state.

HAWKINS, JUDGE.—Relator was convicted of murder in the District Court of Hill county, his punishment being fixed at fifteen years confinement in the penitentiary. His motion for new trial was overruled and notice of appeal given on April 17, 1922. In the order overruling the motion no amount of bail pending appeal was fixed.

Relator has filed an original application for writ of habeas corpus in which it is alleged that on May 15, 1922, he filed a written motion requesting the trial judge to set the amount of bail pending appeal, and further avers that bail was fixed by the judge at $10,000 which is alleged to be excessive.

The record before us reveals a condition making us seriously to question the propriety of entertaining the application. It appears that testimony of one witness was heard, upon the hearing of the motion to fix bail. This witness testifies as to the property of relator and as to its involvement in litigation; that since the trial witness had been trying to find some one to go on relator's bond, and had found two men who had agreed to sign a $5000 bond, but would not sign a larger one. This appears to have been anticipatory of the hearing on the motion, for when the investigation was made by this witness no bond had been fixed by the court, and it could not have known whether the court would fix it at $2500 or $25000. No effort

appears to have been made to find bondsmen after the amount was fixed by the court. Although relator comes to us in the form and name of an application for writ of habeas corpus, it is in effect nothing more than an attempt to appeal from an ancillary order of the court.

We are in the last hours of adjournment for the term, and have had little time for consideration of the question, but it occurs to us the proper practice would be to present an application for habeas corpus to the trial judge. If any effort has been made since he fixed bail to meet its requirements it can there be shown. If the amount fixed originally is thought to be excessive the trial judge may by such procedure have an opportunity to pass upon it again. If aggrieved at his ruling relator may then come to this court by appeal upon a record made in a trial court. In our judgment this would be the orderly procedure.

For the reasons stated the application is dismissed without prejudice to relator's right to proceed as indicated.

*Dismissed.*