1. Bail ⊜⟂52—Investigation made prior to fixing of bail no evidence that bail was excessive.

Testimony on the hearing of a motion to fix bail pending an appeal from a conviction of murder, to the effect that witness had secured parties agreeing to execute a maximum bond of $5,000, was no evidence that bail fixed at $10,000 was excessive, as witness' investigation was made before the bail was fixed.

2. Habeas corpus ⊜⟂33—Proper method to obtain review of the fixing of alleged excessive bail.

The proper method to secure review of a ruling fixing an alleged excessive bail is to apply to the trial court for a writ of habeas corpus, and show what efforts were made since bail was fixed to meet its requirements, and then relator may appeal on the record made in the trial court.

Original application for a writ of habeas corpus on behalf of J. C. Thompson.  Application dismissed.

James P. Cogdill, of Fort Worth, and Collins, Dupree & Crenshaw, of Hillsboro, for appellant.

R. G. Storey, Asst. Atty. Gen., for the State.

HAWKINS, J.  Relator was convicted of murder in the district court of Hill county, his punishment being fixed at 15 years' confinement in the penitentiary.  His motion for new trial was overruled, and notice of appeal given on April 17, 1922.  In the order overruling the motion no amount of bail pending appeal was fixed.

Relator has filed an original application for writ of habeas corpus, in which it is alleged that on May 15, 1922, he filed a written motion requesting the trial judge to set the amount of bail pending appeal, and further avers that bail was fixed by the judge at $10,000, which is alleged to be excessive.

[1] The record before us reveals a condition making us seriously to question the propriety of entertaining the application.  It appears that testimony of one witness was heard upon the hearing of the motion to fix bail.  This witness testifies as to the property of relator and as to its involvement in litigation; that since the trial witness had been trying to find some one to go on relator's bond, and had found two men who had agreed to sign a $5,000 bond, but would not sign a larger one.  This appears to have been anticipatory of the hearing on the motion, for when the investigation was made by this witness no bond had been fixed by the court, and it could not have been known whether the court would fix it at $2,500 or $25,000.  No effort appears to have been made to find bondsmen after the amount was fixed by the court.  Although relator comes to us in the form and name of an application for writ of habeas corpus, it is in effect nothing more than an attempt to appeal from an ancillary order of the court.

[2] We are in the last hours of adjournment for the term, and have had little time for consideration of the question, but it occurs to us the proper practice would be to present an application for habeas corpus to the trial judge.  If any effort has been made since he fixed bail to meet its requirements it can there be shown.  If the amount fixed originally is thought to be excessive the trial judge may by such procedure have an opportunity to pass upon it again.  If aggrieved at his ruling relator may then come to this court by appeal upon a record made in a trial court.  In our judgment this would be the orderly procedure.

For the reasons stated the application is dismissed without prejudice to relator's right to proceed as indicated.

## Ex parte ATKINSON.  (No. 7192.)

(Court of Criminal Appeals of Texas.  June 23, 1922.)

Original application for writ of habeas corpus on behalf of J. D. Atkinson.  Application dismissed.

Sid Crumpton, of Texarkana, for appellant.
R. G. Storey, Asst. Atty. Gen., for the State.

HAWKINS, J.  Relator presents an original application for writ of habeas corpus seeking reduction of bail fixed by the trial judge pending appeal after conviction.  The question presented is identical with that in Ex parte Thompson (No. 7165) 243 S. W. 910, disposed of this date by dismissing the application.

The application in the instant case is dismissed without prejudice to relator's right to pursue the course suggested in the opinion in the Thompson Case, supra, to which reference is made for our reason therefor.