## Ex Parte J. S. McDaniel.

### No. 8541. Decided February 20, 1924.

**Bail—Habeas Corpus—Vacation.**

Giving effect to the action of the trial judge in vacation and to the decisions of the court in causes similar in principle, we are constrained to believe that applicant is not shown to have exercised that diligent effort which should be indulged before we would feel justified in overturning the judgment of the lower court who is not bound to the agreement of counsel as to the amount of the bond. Following Ex Parte Thompson, 243 S. W. Rep., 910.

Appeal from the District Court of Runnels in vacation. Tried below before the Honorable J. O. Woodward.

Appeal from habeas corpus proceeding denying reduction of bail. The opinion states the case.

*Critz & Woodward,* for applicant.

*Tom Garrard* and *Grover C. Morris,* Assistants Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was granted bail by the Honorable J. O. Woodward, District Judge of Runnels County, in the sum of Ten Thousand Dollars upon a habeas corpus hearing, and, claiming that the amount of bail is excessive, an appeal was taken and the matter brought before us for review.

As far as the record shows no evidence was introduced upon the hearing before the trial judge as to the ability of appellant to make bail. There appears in the transcript an agreement which recites that it was had in open court between the State of Texas acting through her district attorney and the defendant in person and by his attorneys, and that the defendant is possessed of no property whatever save and except a 200 acre homestead in the possession and under the control of his wife, and that he has not a dollar and cannot make a ten thousand dollar bond, but can make a twenty-five hundred dollar bond and no more. Our inference would be that this agreement was presented to and considered by the judge who heard the testimony and who is believed by this court to be one of the fairest and most considerate trial judges in the State. Giving effect to his action in the premises and to the decisions of this court in cases similar in principle, we are constrained to believe that applicant is not shown to have exercised that diligent effort which should be indulged before we would feel justified in overturning the judgment of the

lower court. We do not question the good faith of the representatives of the State and of the appellant in making the agreement above mentioned, but the fact that it was made apparently before bond was fixed or at once afterwards makes clear that same was made without any effort on the part of appellant to comply with the order of the lower court, and, speaking from the record, without foundation apparently other than the opinion of the gentlemen representing the parties litigant. That a man has not a dollar and has no property other than a 200 acre homestead, would be but circumstances in themselves and insufficient to justify the conclusion that such person could not make a bond such as was fixed in this case. Appellant has a wife and has admittedly a homestead of 200 acres of land. Reasonably he is not without friends and neighbors and possibly relatives, and the learned trial judge would not be without justification in concluding that before he granted the motion made to reduce the bail, something further should be shown than the conclusion of the attorneys representing the State and the defendant. Such seems to be the effect of the opinions of this court in Ex. Parte Thompson and Ex Parte Atkinson, 92 Texas Crim. Rep., 296, 243 S. W. Rep., 910. In thoses cases we were asked to reduce bonds. We said.

"No effort appears to have been made to find bondsmen after the amount was fixed by the court. . . . If any effort has been made since he fixed bail to meet its requirements it can there be shown. If the amount fixed originally is thought to be excessive the trial judge may . . . have an opportunity to pass upon it again. If aggrieved at his ruling relator may then come to this court by appeal upon a record made."

It is manifest that the court was using language to fit the facts before it, but applying the reasoning to the case now before us, it appears apt and sound. In the instant case the record shows, as above stated, no evidence of any effort on the part of appellant to procure bondsmen, and no showing before the trial court that he was without friends, neighbors or kinsmen who were willing to go upon such bond as was fixed by the trial judge. The lower court did not approve the agreement made by the State and appellant and does not certify that his conclusion is that appellant cannot make a greater bond than twenty-five hundred dollars; nor can we hold the trial court bound by such agreement. It appears that immediately upon his fixing bail in the sum mentioned and without any effort to comply with the order of the court, and without introducing testimony before him to convince him of the error of such judgment, a motion was made to reduce the amount to twenty-five hundred dollars, which was refused. Our opinion of the judge who tried this case is that if he be convinced by any showing of testimony that the bond fixed by him is too high because not called for by the offense as made out

by the testimony, or because appellant after reasonable effort is unable to make it, he will reduce the bond himself. He is in a much better position than this court to know the ability of appellant to make bond, and his discretion in the matter is not to be overlooked by this court. The fact that one cannot make a fixed bail for an offense charged and that he can make bail in a much smaller amount, will in no event entirely control the amount of bail.

Having concluded that appellant is not shown to have made reasonable effort to make bond, and that there is no showing of an abuse of the discretion of the trial judge under the circumstances in refusing to immediately reduce the bond fixed by him, we forego any discussion of the facts. That the case is bailable was determined by the judge to whom the application was presented, but until his order fixing the amount of bail is shown to be unreasonable or one that the accused by diligent effort cannot comply with, this court must decline to review the action of the court in fixing the amount of bail. Under these facts the request for a reduction of the bail will be denied.

*Reduction of bail denied.*