## Ex Parte Manuel Castillo.

### No. 9891. Delivered November 4, 1925.

**1.—Habeas Corpus—Bail—Rules For Fixing Amount.**

Art. 281 C. C. P. Revision of 1925 (formerly Art. 329) provides that in fixing bail the officers charged with that duty are to be governed in the exercise of their discretion by the following rules: First, the bail shall be sufficiently high to give a reasonable assurance that the undertaking will be complied with; second, the power to require bail is not to be so used as to make it an instrument of oppression; third, the nature of the offense, and the circumstances under which it was committed, are to be considered; fourth, the ability to make bond is to be regarded, and proof may be taken upon this point.

**2.—Same—Continued.**

Under the record before us which discloses that appellant is charged with possession and sale of intoxicating liquor, his bond fixed at $1500 each in two cases, that he is a Mexican laborer, working at grubbing; without means, with friends only among the Mexicans in the county of his residence, this amount of bail is excessive, and same is here reduced to the sum of $500. Following Sancedo v. State, 70 S. W. 546, and other cases cited, illustrative.

Appeal from the District Court of Gillespie County. Tried below before the Hon. J. H. McLean, Judge.

Appeal from an order fixing bail in the sum of $1500 on a charge of possession and sale of intoxicating liquor. Bail reduced to the sum of $500.

The opinion states the case.

The following cases are illustrative of the construction given by the court in applying the Statute as to bail:

Sancedo v. State, 70 S. W. 546; Ex Parte Creed, 148 S. W. 192; Ex Parte Barnett, 83 S. W. 378.

Many other cases will be found collated in Vernon's Tex. Crim. Stats. under Art. 329, at page 158.

No brief filed by appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Relator is under indictment in the District Court of Gillespie County wherein he is charged in one count with the unlawful possession of intoxicating liquor for the purpose of sale, and in other counts with selling and furnishing liquor to a named person.

It appears from the application that on September 29th relator's case was called for trial, that relator was ready but that the case was continued at the instance of the State. Relator's bond at that time had been fixed by the court at the sum of $1500. After the case was continued relator presented to the district judge an application for a writ of habeas corpus setting up that he was unable to give a $1500 bond and asking a reduction in the amount of bail required. Upon a hearing this was denied from which order this appeal is prosecuted. It appears from the record that two cases are pending against relator and that bond in each case was fixed by the court at $1500. Relator is a Mexican working by the day at "grubbing." His testimony is to the effect that he had some Mexican friends in the county but that none of them could or would make his bond for $1500 but would go on a bond of $500. The bond required in the two cases pending would aggregate $3000. Relator had no property of his own. The record further discloses that the learned trial judge had adopted a rule that the minimum bond would be $1500 where adult males were charged with felonies. This rule had been strictly adhered to by the court during his incumbency in office, and appears never to have been deviated from. Relator was given the benefit of the minimum amount of bail under this rule. Article 281, C. C. P. Revision of 1925, (formerly Article 329) provides that in fixing bail the officers charged with that duty are to be governed in the exercise of their discretion by the following rules:

"1. The bail shall be sufficiently high to give a reasonable assurance that the undertaking will be complied with.

2. The power to require bail is not to be so used as to make it an instrument of oppression.

3. The nature of the offense and the circumstances under which it was committed are to be considered.

4. The ability to make bail is to be regarded, and proof may be taken upon this point."

The following cases are illustrative of the construction given by the court in applying the Statute referred to: Sancedo v. State, 70 S. W. 546; Exparte Creed, 149 S. W. 192; Exparte Barnett, 83 S. W. 378. Many other cases will be found collated in Vernon's Tex. Criminal Statutes, under Article 329, at page 158.

Under the record before us it is our judgment that the amount of bail should be reduced to $500 and it is ordered that the relator be granted bail in that sum.