Ex Parte Neal Anglin.

No. 9890.   Delivered November 4, 1925.

**Habeas Corpus—Bail—Amount of—Held, Excessive.**

While our Statute confers upon the court or magistrate the discretion in fixing the amount of bail, such discretion must be exercised with reason and fairness, and all of the facts and circumstances, together with the financial ability of the accused must be considered.   In the instant case, as presented to us, bail in the sum of $1500.00 under a charge of theft of an automobile, is excessive, and same is reduced, and it is ordered that bail be granted in the sum of $600.00.

Appeal from the District Court of Gillespie County.   Tried below before the Hon. J. H. McLean, Judge.

Appeal from an order of the court fixing bail in the sum of $1500.00.  Bail reduced to the sum of $600.00.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense charged is the theft of a Ford automobile. There were two counts in the indictment. One charged the theft of a Ford automobile; the other the receipt of the same car.

The amount of bail was fixed in the sum of $1500.00. The appeal is from a judgment refusing to reduce the bail. Relator was a private soldier in the United States Army, stationed at Fort Sam Houston, Texas. His home was at Selma, Kansas. Relator's father, a farmer, lived in Kansas and owned a farm of 200 acres, on which there was an incumbrance of $1500, and 160 acres, being homestead, were exempt from mortgage. The appellant had a brother-in-law in Texas whose aid he had sought without success in making bond. Aside from this brother-in-law, neither the appellant nor his father had any acquaintances in Texas. The sole prospect of giving bond depended upon the ability of the witness to raise the money in Kansas. It was his belief that he could raise $500 or $600 and possibly as much as $750, and with that obtain and indemnify sureties in Texas.

It appears from the record that the learned trial judge had a fixed rule to the effect that in felony cases where the accused was an adult male, a bond of $1500 was the minimum which he would allow. The Statute on the subject, Art. 329, C. C. P., confers upon the court or magistrate discretion touching the amount of bail and declares that it shall be sufficiently high to give reasonable assurance of compliance with the undertaking and that the power shall not be abused nor made an instrument of oppression; that the nature of the offense, the circumstances under which it was committed and the pecuniary circumstances of the accused are to be taken into account in fixing the amount of bond. There are many precedents showing the action of this court in applying this Statute and holding that bail was improperly denied. Among them are Sancedo v. State, 70 S. W. 546; Ex Parte Creed, 149 S. W. 192; Ex Parte Barnett, 83 S. W. 378; Ex Parte Bowman, 83 Tex. Crim. Rep. 598. Other cases will be found collated in Vernon's Tex. Crim. Stat., Vol. 2, p. 158.

In our judgment, the application of the Statute to the present facts would render it proper that the bail be reduced. It is accordingly ordered that the bail be granted in the sum of $600.00.