EX PARTE WARREN BRILLINGER.

No. 9899. Delivered November 25, 1925.

1.—Habeas Corpus—Evidence—On Reduction of Bail.

Where relator has by writ of habeas corpus asked for a reduction of the amount of his bail bond, he cannot tender himself as a witness, only on his ability to make bond. Subdivision 3 of Art. 281 C. C. P., 1925, provides, that in fixing bail the nature of the offense and circumstances under which it was committed are to be considered. We think the court was not in error in declining to deny the district attorney the right to make inquiry under the Statute just referred to, if appellant offered himself as a witness.

2.—Same—Bail—Amount of—Held, Excessive.

Where appellant, under a charge of selling intoxicating liquor, had twice made default when under a thousand-dollar bond on this charge, was rearrested in Florida and returned to this State, when bond in the liquor case was fixed at $10,000.00, and in a subsequent assault to murder case at $6,000.00, and on habeas corpus hearing reduced to $6,000.00 in the whiskey case and permitted to remain at $6,000.00 in the assault to murder case, is excessive and same are now reduced to $4,000.00 in the whiskey case, and $1,000.00 in the assault to murder case.

Appeal from the District Court of Falls County. Tried below before the Hon. Prentice Oltorf, Judge.

Appeal from an order fixing bail in the sum of $6,000.00 and $6,000.00 in two cases. Bail reduced to $4,000.00 and $1,000.00.

No brief filed for appellant.

*Sam D. Stinson*, State's Attorney, and *Nat Gentry, Jr.*, Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—This is an appeal from an order of the judge of the 82nd Judicial District fixing appellant's bail in two prosecutions pending in Falls County.

The record discloses that about March 3, 1923, C. O. Moore, sheriff of Falls County, together with other officers, inter-

cepted appellant and a companion traveling upon the public road in an automobile in which was found about one hundred quarts of intoxicating liquor. When appellant was told by the sheriff that he intended to search the car, appellant drew a pistol and presented it at Moore, telling him to stop, but did not fire on the sheriff. Other officers drew their pistols and disarmed appellant. The evidence shows that appellant could have fired on Moore had he desired to do so before Moore or other officers present could have prevented it. At the March term, 1923, of the district court an indictment was returned against appellant charging him in one count with the possession of intoxicating liquor for the purpose of sale, and in another with "transportation" of the liquor. His bond upon this charge was fixed at $1000, which he made. When this case was called for trial on May 17, 1923, appellant's bond was forfeited and an alias capias ordered for his arrest. A few days before the forfeiture of the bond an indictment was returned by the grand jury for the May term, 1923, of the same court, charging appellant with an assault with intent to murder Moore, based upon the transaction heretofore stated. We find from the court's docket entries in the record that on October 21, 1924, there was another order of forfeiture and judgment nisi on a thousand-dollar bond in the whiskey case. This bond has the same sureties as those mentioned in the prior forfeiture in May, 1923. If the forfeiture first taken was set aside the docket entry fails to show it. However, only one bond in the whiskey case appears in the record, and that is the thousand-dollar bond executed on March 5, 1923. We understand from the record that appellant's bond in the whiskey case was set at $10,000 after the forfeiture on his thousand-dollar bond had been ordered. Appellant was re-arrested in Florida and brought back to Falls County for trial. No bond seems ever to have been fixed in the assault to murder case until he was re-arrested upon the whiskey transaction, and the bond in the assault to murder case was then fixed at $6,000.

Upon hearing the application to reduce bail the learned trial judge reduced the bond in the whiskey case from $10,000 to $6,000, and permitted bail in the assault to murder case to remain at $6,000. There is no evidence in the record touching appellant's ability to make bond. His attorney tendered him as a witness upon this point upon condition that the court instruct the district attorney not to interrogate him with reference to the facts of the cases. This the court declined to do. Sub-

division 3 of Art. 281, C. C. P. (Revision of 1925) provides that in fixing bail the nature of the offense and the circumstances under which it was committed are to be considered. We think the court not in error in declining to deny the district attorney the right to make proper inquiry under the Statute just referred to.

Subdivision 1 of Art. 281 provides that the bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with, and subdivision 2 that the power to require bail is not to be so used as to make it an instrument of oppression. There is nothing in the record in the way of excuse or explanation why appellant had not responded to his bond in the sum of one thousand dollars to answer the accusation of illegally transporting intoxicating liquor, therefore, the court was justified in increasing bail upon that charge. We are inclined to the view, however, that the $6,000 fixed by the court is excessive. Upon the charge for assault with intent to murder, having regard to the circumstances and facts under which it is claimed to have occurred we think the court not justified in fixing bail at $6,000. The judgment of the court fixing bail in the sums mentioned is reversed, and bail on the charge against appellant for possessing and transporting intoxicating liquor is fixed at $4,000, and in the assault to murder case is fixed at $1,000.