## EX PARTE JOE COLSTON.

### No. 10618.   Delivered November 10, 1926.

**1.—Habeas Corpus—Bail, On Appeal—Rule Stated.**

In fixing the amount of bail on appeal, when bail is allowed, the amount should be sufficiently high to give reasonable assurance that the undertaking will be complied with. The power to require bail is not to be so used as to make it an instrument of oppression. The nature of the offense and the circumstances under which it was committed are to be considered. The ability to make bail is to be regarded, and proof may be taken upon this point.

**2.—Same—Continued.**

The applicable principles which should govern in fixing the amount of bail on appeal, after conviction should be the same as those governing the amount of bail pending trial. Under the facts in this case, appellant having been convicted of the offense of rape, and his punishment fixed at five years in the penitentiary, warrants a reduction of the amount fixed by the trial court from $5,000 to $3,000, and it is so ordered. For illustrative cases see Ex Parte Wolf, 91 Tex. Crim. Rep. 625; Ex Parte McDaniel, 96 Tex. Crim. Rep. 539; Ex Parte Martin, 159 S. W. 1182, and Ex Parte Castello, 277 S. W. 126.

Appeal from the District Court of Nacogdoches County. Tried below before the Hon. C. A. Hodges, Judge.

Appeal from an order refusing to reduce bail on appeal, on a habeas corpus hearing.   Bail is reduced from $5,000 to $3,000.

*R. A. McAlister* of Nacogdoches, for appellant.   On amount of bail on appeal, appellant cites:

Art. 281, Vernon's Ann. Crim. Stats., Vol. 1, C. C. P., Art. 281, subd. 4.

Ex Parte Creed, 149 S. W. 192.

Ex Parte Martin, 159 S. W. 1182.

Ex Parte Castello, 277 S. W. 126.

Ex Parte Anglin, 277 S. W. 146.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—This is an appeal from an order of the District Judge on a habeas corpus proceeding in which the reduction of bail was sought.   Relator was convicted of the offense of rape, and his punishment was fixed at confinement in the penitentiary for a period of five years.   The amount of bail pending the appeal was fixed at $5,000.   Evidence was heard from which it appears, without conflict, that the relator

was without financial resources and that the financial conditions of his friends and relatives were such that they would not be able to qualify as sureties upon a bond of so large an amount; that his efforts to give the bail required have been unsuccessful.

Under the Constitution of Texas, all cases are bailable except capital cases in which the proof is evident. See Art. 1, Sec. 11. Excessive bail is forbidden by the Constitution, See Art. 1, Sec. 13. Under Art. 813, C. C. P., 1925, bail is allowed on appeal in felony cases in which the penalty assessed is fifteen years and under. The relator was originally charged with a capital offense, but the verdict of the jury, so far as it relates to the present matter under consideration, takes it out of the classification of capital cases in which the proof is evident and brings it within the purview of Art. 1, Sec. 11, of the Constitution; also Arts. 815 and 281, C. C. P., 1925. In the latter article, we find the following:

"The amount of bail to be required in any case is to be regulated by the court, judge, magistrate or officer taking the bail; they are to be governed in the exercise of this discretion by the Constitution and by the following rules:

"1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.

"2. The power to require bail is not to be so used as to make it an instrument of oppression.

"3. The nature of the offense and the circumstances under which it was committed are to be considered.

"4. The ability to make bail is to be regarded, and proof may be taken upon this point."

The instances in which this court have considered the matter seem to have been those in which the complaints were of the amount of bail pending trial. The applicable principles, however, would, we think, be the same in cases of complaints of bail pending the appeal. Applying these rules to the facts of the present record, we express the opinion that the facts warrant a reduction of bail. Many illustrative cases will be found in Vernon's Tex. C. C. P., 1925, p. 208. Among them are Ex Parte Wolf, 91 Tex. Crim. Rep. 625; Ex Parte McDaniel, 96 Tex. Crim. Rep. 539; Ex Parte Martin, 159 S. W. 1182; Ex Parte Castillo, 277 S. W. 126.

The order of the trial court refusing to reduce the bail is therefore set aside, and bail is reduced to the sum of $3,000.

*Bail reduced.*