EX PARTE W. R. TRICE.

No. 11217. Delivered October 12, 1927.

**1.—Habeas Corpus—Amount of Bail Fixed—Held Excessive.**

Where appellant, under indictment for theft of property over fifty dollars in value, filed a petition for a writ of habeas corpus to reduce the amount of bail, fixed in the sum of $1,000, said amount should have been reduced to $500, which is now done.

**2.—Same—Amount of Bail—Rule Stated.**

Article 281 C. C. P. provides that bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with; that the power to require bail is not to be used so as to make it an instrument of oppression; that the nature of the offense and the circumstances under which it was committed are to be considered, and that the ability to make bail is to be regarded, and that proof may be taken on this point. Trial courts should be guided by the provisions of. this statute in fixing the amount of the bail requested in all cases. See Ex Parte Costillo, 277 S. W. 126.

Appeal from the District Court of Stephens County. Tried below before the Hon. C. O. Hamlin.

Appeal from an order on habeas corpus fixing bail required of appellant in the sum of $1,000. Amount is reduced to the sum of $500.

The opinion states the case.

*S. J. Osborne* of Breckenridge, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

CHRISTIAN, JUDGE.—Appellant is under indictment in the District Court of Stephens County, wherein he is charged with theft of property over the value of fifty dollars. The court required of appellant a bond in the sum of one thousand dollars, and on application for a writ of habeas corpus, wherein it was alleged that the amount of the bail was excessive and that appellant was unable to furnish bond in the amount of one thousand dollars, evidence was heard and the application for a reduction of the amount of bail was overruled. This is an appeal from the order of the court.

The record shows that appellant has no property and that he has been unable, after effort made, to furnish the bond required of him. While appellant's ability or lack thereof to make bond cannot alone control, it may be regarded in determining the amount of bail, and proof heard thereon. Article 281, C. C. P.; Ex Parte Jones, 296 S. W. 886. In overruling appellant's application the court states in his order that the bond required of appellant was in the usual and customary amount fixed by the court in ordinary felony cases. No arbitrary rule for fixing bail can be reconciled with the provisions of Article 281, C. C. P., which provides that bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with; that the power to require bail is not to be so used as to make it an instrument of oppression; that the nature of the offense and the circumstances under which it was committed are to be considered; and that the ability to make bail is to be regarded, and that proof may be taken on this point. Applying these rules to the instant case, we are of the opinion that, under the record, the amount of bail should be reduced to five hundred dollars. See Ex Parte Castillo, 277 S. W. 126.

The judgment of the trial court is reversed and bail fixed in the sum of five hundred dollars.

*Bail reduced to $500.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.