EX PARTE POMPEY GARLAND.

No. 13278. Delivered February 5, 1930.

The opinion states the case.

*Huffar & Ross* of Greenville, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—Proceeding under Title 3, Chapter 3, C. C. P., 1925, the magistrate, on a hearing upon an affidavit filed in accord with Art. 79, C. C. P., entered a judgment ordering the accused to jail as provided by statute in default of bond in the sum of $5,000.00. Upon a habeas corpus hearing before the County Judge of Hunt County the amount of bond was reduced to $2,500.00, and from that order this appeal is prosecuted.

From the facts adduced it is clear that this court would not be authorized to annul the finding of the county judge to the effect that the appellant had threatened to take the lives of the parties named in the judgment. Touching the amount of the bond, it is made to appear that the appellant was a member of a prominent family and well connected; that she was interested in an estate assessed for taxation at a value of about $3,300.00 which, according to the testimony, was one-third of its real value. Appellant declared in her testimony that she had asked no one to sign her bond. Her half-brother testified that he would not sign her bond, nor would he ask any of her kinsfolks to do so. Her half-brother was a merchant in the city of Greenville. He testified in some detail that he had contributed substantially in a financial way towards the comfort of the appellant.

By reason of the affirmative showing in the record that neither the accused nor her relatives had made any effort to make the bond fixed by the trial judge, this court is not justified in ordering its reduction. It cannot be assumed that it is the amount of the bond which deters the friends and relatives of the accused from making it. It has been declared on many occasions that ordinarily on appeal an application for the reduction will be refused in the absence of some proof that the bond was too high. See Ex parte Thompson, 92 Tex. Cr. R. 291, 243 S. W. 910; Ex parte Atkinson, 92 Tex. Cr. R. 296, 243 S. W. 910; Ex parte McDaniel, 258 S. W. 1057.

The statute supporting the proceeding has not been held invalid. See Ex parte Garner, 93 Tex. Cr. R. 179.

Upon record before us, we are constrained to order an affirmance of the judgment, which is accordingly done.

*Affirmed.*