## Ex Parte H. Kennedy.

No. 14861.   Delivered October 14, 1931.

*Stone, Strickland & Caves,* of Henderson, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—This is an appeal from an order of the district court of Rusk county refusing to reduce appellant's bail upon appeal.

The appellant was indicted for the unlawful possession of intoxicating liquor for the purpose of sale, and the record shows that relator was duly tried and convicted of said offense and his punishment fixed at a term of one year in the penitentiary.

From this judgment of conviction, the relator perfected his appeal to this court. The trial court fixed his recognizance on appeal at the sum of $3,000.

After notice of appeal was given and the district judge had fixed appellant's bond on appeal, an application for a writ of habeas corpus was made by appellant to the district judge setting up that he was unable to give a $3,000 bond and asking a reduction in the amount of bail required. Upon the hearing, this was denied and from which order this appeal is prosecuted.

It is appellant's contention that such bail is excessive under the circumstances and that he has not the ability to make said bond in said

amount and is therefore deprived of the right to remain on bail while his appeal is pending.

The record shows that the relator is a man without any immediate relatives in Rusk county, except his wife and two small children; that he is a comparative stranger in said county, and that he is possessed of a very small amount of property; that he had made bail in the sum of $750 pending the trial of his case and that he had obeyed that bail and duly presented himself for trial. The record further shows that effort had been made in his behalf to furnish said bond in the sum of $3,000, but he had been unable to make bond in said amount. The evidence is further to the effect that the persons who made his appearance bond are wiling to make bond for him in the sum of $1,000 but not for a greater amount. There is no unusual circumstance connected with the case.

Considering the rule for fixing the amount of bail, laid down in article 281, C. C. P., and under the record before us, it is our judgment that the amount of bail on appeal should be reduced to $1,000. See the following cases as illustrative of the construction given by this court in applying the statute referred to: Sancedo v. State, (Texas Crim. App.) 70 S. W., 546; Ex parte Creed, 67 Texas Crim. Rep. 173, 149 S. W., 192; Ex parte Barnett, 47 Texas Crim. Rep., 299, 83 S. W., 378; Ex parte Castillo, 102 Texas Crim. Rep., 52, 277 S. W., 126; Ex parte Martin, 71 Texas Crim. Rep., 383, 159 S. W., 1182; Colson v. State, 105 Texas Crim. Rep., 306, 288 S. W., 211.

The judgment of the trial court is reversed, and it is ordered that relator be granted bail in amount of $1,000.

*Reversed and ordered that bail of $1,000 be granted.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.