EX PARTE HOWARD KIRKPATRICK, ET AL.

No. 15099. Delivered January 20, 1932.

The opinion states the case.

*J. Y. Gray,* of Tyler, and *Clifford L. Stone,* of Henderson, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Howard Kirkpatrick, G. F. Jones, H. V. Burleson, and O. O. Mahoney were charged by indictment for assault and defined in article 1163, P. C., 1925. The penalty prescribed is confinement in the penitentiary for not less than two nor more than ten years.

Upon the hearing of the habeas corpus, bail was granted in the sum of $10,000. In this appeal a reduction of the amount of bail is sought.

Two witnesses were called on the issue of the ability to make bond of the amount required. One of these was the wife of the appellant Kirkpatrick. Her testimony showed in detail that Kirkpatrick had no friends or relatives who were able to make bond of the amount required; that she had secured the signature of two friends to the bond, but it was disapproved by the sheriff for want of sufficient showing of solvency; that her diligent efforts to secure sureties had resulted in failure.

In the statement of facts is the following agreement: "It is agreed in open Court that the testimony heretofore introduced, shall apply to all four defendants in this cause."

The testimony comes to this court in a very meagre condition, but with the agreement stated and no controverting evidence, we are constrained to believe that the amount of bail should be reduced. In article 1, section 13 of the Constitution, it is said that "excessive bail shall not be required".

In the consideration of applications to this court by way of habeas corpus for the reduction of bail, in the absence of showing that an effort had been made to make bail in the sum fixed by the trial court, this court would not interfere. See Ex parte McDaniel, 96 Texas Crim. Rep., 539, 258 S. W., 1057. In the present case, giving effect to the agreement quoted, an unsuccessful effort has been made to give bond. The case is bailable as a matter of law. Under such circumstances, this court has on previous occasions ordered a reduction of the amount of bail. See Ex parte Wolf, 91 Texas Crim. Rep., 625, 240 S. W., 310; Ex parte Castillo, 102 Texas Crim. Rep., 52, 277 S. W., 126; Ex parte Anglin, 102 Texas Crim. Rep., 50, 277 S. W., 146; Ex parte Brillinger, 102 Texas Crim. Rep., 279, 277 S. W., 694; Ex parte Colston, 105 Texas Crim. Rep., 306, 288 S. W., 211.

It is ordered that each of the appellants be released upon the execution of bail as required by law and approved by the officers demanded by statute in the sum of $3,000.

*Bail granted.*