## EX PARTE BILL NEWTON.

No. 17470. Delivered January 23, 1935.
Reported in 78 S. W. (2d) 625.

The opinion states the case.

*Jno. M. Hatter,* of Waxahachie, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The relator is under indictment for the offense of robbery in which, according to the averment, firearms were used by him. In his application for bail, by way of habeas corpus, in the district court, the following averment and prayer are found:

"Relator shows to the court that he is not guilty of any offense, and that he is entitled to be released from such confinement, but if not released, then he is entitled to have a reasonable bond set; that he is practically without means; that he has no influential relatives or friends possessing sufficient property to make a large bond, and is therefore entitled to have a reasonable bond set in said cause, if not released herein.

"Wherefore, relator prays that a writ of habeas corpus forthwith issue, and that upon hearing he be discharged, or in the alternative a reasonable bond set."

Thereupon the court granted a hearing by way of habeas corpus.

The offense of robbery with firearms is a capital offense. Article 1408, P. C., 1925.

It is declared in the Constitution that prisoners shall be allowed bail except in capital cases where the "proof is evident." Denial of bail without evidence in a capital case is wrong. However, in the present instance, the accused was *allowed* bail. It is true that no evidence was introduced by the State except the indictment; nor was there any evidence introduced by the appellant. The dilemma in which this court finds itself is that there is no measure *by way of evidence or otherwise* upon which it can determine that the bail fixed is excessive. Among the precedents upon the subject are Ex parte Bice, 289 S. W., 43; Ex parte Garland, 24 S. W. (2d) 434. From the latter case we take the following quotation:

"It has been declared on many occasions that ordinarily on appeal an application for the reduction (of bail) will be refused, in the absence of some proof that the bond was too high. See Ex parte Thompson, 92 Texas Crim. Rep., 291, 243 S. W., 910; Ex parte Atkinson, 92 Texas Crim. Rep., 296, 243 S. W., 910; Ex parte McDaniel, 96 Texas Crim. Rep., 539, 258 S. W., 1057."

Rules for fixing the amount of bail are found in article 281, C. C. P., 1925, of which subdivision 3 reads as follows:

"The nature of the offense and the circumstances under which it was committed are to be considered."

In Tex. Jur., vol. 5, pp. 819 to 821, the subject is discussed and precedents cited.

So far as we are able to judge, the record in the present case offends against none of the provisions mentioned for the reason that the relator was *admitted to bail*. He presents no evidence showing or tending to show that the bail allowed him was excessive.

The relief sought is denied.

*Denied.*