Broughton Assoc. v. Reagan 















IN THE
TENTH COURT OF APPEALS
 

No. 10-96-156-CV

     BROUGHTON ASSOCIATES JOINT VENTURE, ET AL.,
                                                                                              Appellants
     v.

     J.C. REAGAN, ET UX.,
                                                                                              Appellees
 

From the 82nd District Court 
Robertson County, Texas
Trial Court # 96-06-15,122-CV
                                                                                                    

MEMORANDUM OPINION
                                                                                                    

      After the trial court granted J.C. and Christine Reagan's request for a temporary injunction
directing Broughton Associates to deposit the proceeds from the sale of gas from a well located
in Robertson county, Broughton appealed. However, on October 2 Broughton filed a motion to
dismiss its appeal. In the relevant portion, Rule 59(a) provides:
(1) The appellate court may finally dispose of an appeal or writ of error as follows:
(A) In accordance with an agreement signed by all parties or their attorneys and
filed with the clerk; or
(B) On motion of appellant to dismiss the appeal or affirm the judgment
appealed from, with notice to all other parties; provided, that no other party
shall be prevented from seeking any appellate relief it would otherwise be
entitled to.

Tex. R. App. P. 59(a).
      Broughton has certified that it served the motion on the Reagans, who seek no affirmative
relief in this court. The transcript for this appeal has been filed. Id. 
      Pursuant to the motion, the cause is dismissed.
                                                                               PER CURIAM

Before   Chief Justice Davis,
            Justice Cummings, and 
            Justice Vance
Dismissed on appellant's motion
Opinion issued and filed October 16, 1996
Do not publish 



pan>      The State initially says that the issues are not preserved for our review because no
objection was made to the amount of the remittitur, to the application of the schedule, or the
failure to remit the entire bond. No motion for new trial or to modify the judgment was filed. 
The appeal is, however, from a final judgment, and the record is clear that HBB was arguing
for a greater, or complete, remittitur. Thus, we believe that the issues are properly before us.
      Discretion to remit to the surety all or any part of the amount of a bail bond before entry
of a final judgment was granted to the trial court by article 22.16(d) of the Code of Criminal
Procedure, as it existed on the date the bond was executed. See Act of June 20, 1987, 70th
Leg., R.S. ch. 1047, § 3, 1987 Tex. Gen. Laws 3513, 3514, repealed by, Act of June 20, 
2003, 78th Leg., R.S., ch. 942, § 2, Tex. Gen. Laws 2805, 2806.


 HBB says the trial court
abused that discretion, i.e., acted “arbitrarily,” because it applies a fixed percentage in every
case, rather than determining the amount to be remitted in each individual case. It says our
decision in this case should rely on Ex parte Trice, a bail-reduction case. 107 Tex. Crim. 638,
298 S.W. 589 (1927). In Trice, the court held that a schedule of amounts of bail in felony
cases could not be reconciled with the statutory provisions governing bail. Id. at 590. In
Esquivel v. State, the San Antonio Court held that a schedule should not be used in lieu of the
appropriate factors in a bail-reduction hearing. Esquivel v. State, 922 S.W.2d 601, 604 (Tex.
App.—San Antonio 1996, no pet.).
      At the hearing HBB provided evidence of the bond fee, the principal’s default in payment,
the economic hardship HBB would suffer, and the length of time taken to arrest the defendant. 
At the conclusion of the hearing, HBB argued that the court should consider the bondsman’s
efforts to return the defendant to custody, expenses incurred by the bonding company, and the
hardship to the company in having to pay as much as 25% of the bond. Counsel suggested that
the correct amount for the judgment was 10% of the face amount of the bond. Counsel
acknowledged that the reason, if any, for Burns’ non-appearance was not known. The State
stressed the additional expense to the county any time a defendant fails to appear for a
scheduled trial or hearing and suggested that 25% of the bond was the correct amount for the
judgment. The trial court, on the record, based its decision on “fairness”—the notion of
treating every bonding company the same when the defendant has been returned to custody
before the final hearing.
      As the State points out, a standard rule is not necessarily arbitrary in nature. There is no
suggestion that the schedule is capricious or without any basis. In fact, the State argued that
the schedule is historically based on an amount generally sufficient to cover the county’s
expenses resulting from the defendant’s failure to appear. Furthermore, the schedule was not
applied in every instance; forfeiture cases had been dismissed when the criminal case was
resolved before the final forfeiture hearing.
      Based on this record, we cannot say that the court abused its discretion in determining that
a remittitur of all but 25% of the bond amount was proper. We overrule issue one.
      Issue two addresses the constitutionality of subsection (a) of the former statute, which
required remittitur of the entire bond amount, less costs of court, costs of returning the
defendant to the county, and some interest on the forfeited amount, if certain conditions were
met. See Act of June 20, 1987, 70th Leg., R.S. ch. 1047, § 3, 1987 Tex. Gen. Laws 3513,
3514, repealed by, Act of June 20, 2003, 78th Leg., R.S., ch. 942, § 2, Tex. Gen. Laws
2805, 2806. In Lyles v. State, the Court of Criminal Appeals declared subsection (a)
unconstitutional in its entirety, primarily because it referred to subsection (c) of the same
article, which had been declared unconstitutional in Armadillo Bail Bonds v. State earlier. See
Lyles v. State, 850 S.W.2d 497, 499 (Tex. Crim. App. 1993); Armadillo Bail Bonds v. State,
802 S.W.2d 237, 241 (Tex. Crim. App. 1990). HBB asks us to review whether subsection (a)
is unconstitutional in its entirety or could be determined to be constitutional in part if the
unconstitutional time limits specified in subsection (c) were disregarded. This question has
been asked and answered. The decision in Lyles is not, in our view, subject to any
interpretation that would affect less than the entire subsection. Thus, we follow Lyles and hold
that HBB has no right to a remittitur of the entire bond amount based on former subsection (a). 
We overrule issue two.
      Having overruled both of HBB’s issues, we affirm the judgment.
 



                                                                   BILL VANCE
                                                                   Justice

Before Chief Justice Gray,
      Justice Vance, and
      Justice Reyna
Affirmed
Opinion delivered and filed May 5, 2004
Do not publish

[CV06]